IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOWARD F. MCCLOY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondant.

Civil Action No. 12-0580
Criminal No. 10-0128-002

**ELECTRONICALLY FILED**

# MEMORANDUM AND ORDER OF COURT DENYING
# DEFENDANT'S MOTION FOR HABEAS CORPUS RELIEF (DOC. NOS. 135 and 137)

In this action, Petitioner, Howard F. McCloy, a federal inmate in the custody of the Bureau of Prisons, filed a "Motion for Speedy Hearing and Advancement on Calendar and Motion for Declaratory Judgment Under Federal Rules of Civil Procedure 57, Pursuant to 28 U.S.C. § 2201." See Doc. Nos. 135 and 137 in the criminal action. This Court ordered the United States of America to respond to said Motion, and the Assistant United States Attorney did so on May 9, 2012. See Doc. No. 2, in civil action. Based on the Government's Response and after careful consideration of information supplied by Petitioner in his Motion, this Court will deny Petitioner's Motion for the reasons that follow.

## I. Background

### A. Procedural History

On January 14, 2011, Petitioner pled guilty to one count of Conspiracy in violation of 18 U.S.C. § 371 and one count of Dealing in Explosive Materials without a license in violation of 18 U.S.C. §§ 842(a)(1) and 2. Pursuant to this Court's Order, a Presentence Investigation Report

was prepared which indicated that Petitioner was undergoing Chelation Therapy which was not FDA approved. Doc. No. 81 at p. 9, ¶ 37. This Report also noted that he took several different vitamin and mineral supplements as part of his Chelation Therapy. Id. at p. 10, ¶39.

On July 27, 2011, this Court sentenced Petitioner to fifteen months imprisonment for each violation – which was the lowest end of the guideline range for each offense – and then ran the sentences concurrently. Doc. No. 105.

### B. Petitioner's Motion

Petitioner indicated in his Motion that he is a 64-year old male inmate with "severe health problems." His primary concern is that he was and/or is unable to receive Chelation Therapy for one or more of his ailments.[1] See Doc. No. 136 generally. When deprived of this Chelation Therapy, Petitioner claims he underwent a cardiac episode in February of 2012, and "is afraid to even deal with the [prison] medical staff and lost all confidence in their abilities." Id. at p. 9. He claims that two months prior to his cardiac incident (on December 16, 2012) he filed a compassionate release request with the Warden at his prison in order to gain access to Chelation Therapy. Id.

Petitioner claims that "[t]hese circumstances are most certainly extraordinary and compelling, and without favorable adjudication, may become tragic." Id. Petitioner seeks "either a compassionate release from prison . . . or placement in a halfway house or home confinement so that he may seek or resume his Chelation Therapy." Id. at p. 10.

---

1 Petitioner indicates that in January of 2012, the medical providers at his detention facility changed his heart medications and this caused him to suffer a cardiac episode. See Doc. No. 136 in the criminal case at pp. 8-9. Petitioner also states that after this episode the same medical personnel "immediately placed [Petitioner] back on his previous medications." Thus, it is unclear to this Court whether Petitioner is currently receiving the Chelation Therapy medication which gave rise to his filing this Petition.

2

### C. The Government's Response

The Government contends that Petitioner's request for a "compassionate release" from prison or relocation to a halfway house or his own home under home confinement should not be construed as motion filed pursuant to 28 U.S.C. § 2255. Rather, the Government opines that Petitioner's request is one that falls within the ambit of 28 U.S.C. § 2241.

The Government next posits that under § 2241, Petitioner is essentially challenging the execution of his sentence, as opposed to the validity of the sentence which would fall within the ambit of a § 2255 claim. If this claim is deemed to be one filed under § 2241, the Government first contends that this Court lacks personal jurisdiction over the warden, who is the proper respondent to a § 2241 Petition, given that Petitioner was (and possibly still is) housed note at FCI-Elkton located in Columbiana County, Ohio.

Next, the Government contends that even if this Court had jurisdiction over FCI-Elkton's warden, Petitioner has failed to exhaust his administrative remedies prior to filing this habeas petition. And finally, the Government contends that because Petitioner is currently awaiting RRC (*i.e.* halfway house) placement, he fails to meet the criteria for compassionate release.

## II. Discussion

This Court concurs with the Government that Petitioner was (and, as of this writing, still is) housed in FCI-Elkton, which is located in Ohio. This Court also concurs with the Government that this petition is more properly construed as a habeas petition filed pursuant to 28 U.S.C. § 2241, as opposed to a § 2255 Motion.

It is the warden of the institution where a petitioner is housed who is the proper respondent in a habeas action. *See, Ex parte Mitsuye Endo*, 323 U.S. 283, 306 (1944) (The important fact to

be observed in regard to the mode of procedure upon this writ is, that it is directed to, and served upon, not the person confined, but his jailer); *see also Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994) (It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action.).

Given that the law in this regard, in this case, this Court clearly would have no personal jurisdiction over the FCI-Elkton warden with respect to this habeas petition. For this reason alone, the Court will deny Petitioner's Motion (doc. no. 135) and his "Motion for Speedy Hearing" (doc. no. 137) will be denied as moot.

### III. Conclusion

In sum, Petitioner's Motion (doc. no. 135) must be denied given this Court's lack of personal jurisdiction over the true Respondent, the Warden at FCI-Elkton. Petitioner's request for a speedy hearing (doc. no. 137) will be denied as moot. No certificate of appealability shall issue. An appropriate Order follows.

# ORDER

AND NOW, this 10th day of May, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Petitioner's Motion for Speedy Hearing and Advancement on Calendar and Motion for Declaratory Judgment Under Federal Rules of Civil Procedure 57, Pursuant to 28 U.S.C. §2201 (Doc. No. 135 in the criminal action) is hereby DENIED. Petitioner's Motion for Speedy Hearing (Doc. No. 137) on his Habeas Petition (Doc. No. 135) will be DENIED AS MOOT.

No certificate of appealability shall issue.

s/ Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Howard F. McCloy
#32708-068
FCI-Elkton
P.O. Box 10
Lisbon, OH 44432